IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ARRETHA BRADLEY,

    Plaintiff,

v.                                              Civil Action No. 5:11CV51
                                                                 (STAMP)
HEORHIY N. HALANESI and
UNITED GROUP EXPRESS, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND**

I.  Background

The above-styled civil action is before this Court as a result of a notice of removal filed by the defendants, Heorhiy N. Halanesi ("Halanesi") and United Group Express, Inc., in which the defendants assert that federal jurisdiction is pursuant to 28 U.S.C. § 1332. The plaintiff commenced this civil action in the Circuit Court of Ohio County, West Virginia, alleging that defendant Halanesi's negligent operation of a tractor trailer caused a collision with the plaintiff's vehicle resulting in injuries and damages to the plaintiff. Defendant Halanesi was allegedly operating a tractor trailer owned by United Group Express, Inc. Following removal of the action to this Court, the plaintiff filed a motion to remand. The defendants did not file a response. Even though the defendants did not file a response, this Court will consider the plaintiff's motion on the merits. For the reasons set forth below, the plaintiff's motion to remand is granted.

II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

III. Discussion

In her motion to remand, the plaintiff asserts that this action must be remanded to state court because the defendants have failed to prove that the amount in controversy in this case is in excess of $75,000.00, exclusive of interests and costs. This Court agrees.

The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. Mulcahey, 29 F.3d at 151. This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the

amount in controversy.  When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount.  <u>Mullins v. Harry's Mobile Homes, Inc.</u>, 861 F. Supp. 22, 23 (S.D. W. Va. 1994).  In such circumstances, the Court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum.  <u>Id.</u>

In this case, the plaintiff's complaint does not set forth a total monetary sum requested.  The plaintiff alleges injuries to her neck, shoulder, knee, back and various other parts of body, some of which are believed to be permanent in nature.  The plaintiff states she has suffered annoyance, inconvenience, physical pain, mental and emotional anguish, and a diminishment in her ability to fully function, enjoy life and earn a living.  She believes that because of the permanence of her injuries, she will incur all of those injuries in the future.  She also states she has incurred medical bills and has suffered a loss of wages.  She states she will have future medical bills and incur a future loss of wages.  As relief, the plaintiff seeks compensatory and general damages in an amount to be determined by a the jury as well as interest and attorneys' fees and costs.  The plaintiff does not plead punitive damages.

After careful consideration of the record in this case, this Court finds that the defendants have not met their burden of proof

with regard to the amount in controversy. The defendants' removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal. See Varela v. Wal-Mart Stores, East, Inc., 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000).

Here, the defendants have offered no competent proof or tangible evidence that the amount in controversy exceeds, or it is even highly conceivable that it will exceed $75,000.00, exclusive of interests and costs. See Etchison v. Westfield Co., 2006 U.S. Dist. LEXIS 70574 (N.D. W. Va. Sept. 26, 2006) (unpublished) (holding that federal diversity jurisdiction was properly based on evidence that the plaintiff was seeking pre-judgment interest, post-judgment interest, attorney's fees, costs on punitive damages, and made prior demands in the amount of $70,000.00 and $3 million). Considering all of the evidence, this Court finds that the defendants have not shown by a preponderance of the evidence that the plaintiff will recover damages in excess of the jurisdictional minimum. Therefore, the plaintiff's motion to remand must be granted. Nothing prevents, however, the defendants, under certain circumstances, from filing a second notice of removal upon receipt of an amended complaint or some "other paper" from which it may first be ascertained that the case is one which has become removable. 28 U.S.C. § 1446(b).[1]

---

[1] Of course, the case may not be removed on the basis of diversity more than one year after commencement of the action. 28 U.S.C. § 1446(b).

IV. <u>Conclusion</u>

For the reasons stated above, the plaintiff's motion to remand is hereby GRANTED. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: May 19, 2011

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE